An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY KEENAN,
Appellant,
vs.
CHRISTINA KEENAN,
Respondent.

No. 63234

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a fast track child custody appeal from a district court order denying a motion to modify child custody and support. Eighth Judicial District Court, Family Court Division, Clark County; William B. Gonzalez, Judge.

Respondent was awarded primary physical custody of the parties' two minor children. Appellant currently has visitation with the children every other Wednesday and every Thursday starting after school, or at 8 a.m. if the children do not have school, until Saturday at 6 p.m. Based on that timeshare schedule, appellant filed a motion to modify child custody and support, asking the district court to recognize that the parties shared joint physical custody of the children and requesting that the court modify support accordingly. The district court denied the motion, and this appeal followed.

In determining whether a timeshare constitutes joint or primary physical custody, this court has directed a district court must calculate the time that each party has physical custody of the children over one calendar year. *Rivero v. Rivero*, 125 Nev. 410, 427, 216 P.3d 213, 225 (2009). In doing so, the district court should "consider weekly

14-30718

arrangements as well as any deviations from those arrangements such as emergencies, holidays, and summer vacation." *Id.* In determining the number of days each party has custody of the children, the district court should look at which party supervised the children on that day, where the children resided, and which party made the day-to-day decisions regarding the children, but the court should not focus on the number of hours the children were with each parent, whether the children were sleeping, or whether the children were in the care of a third party. *Id.* If after considering these factors, the district court concludes that each parent has the children at least 146 days per year, or 40 percent of the time, then the parties have a joint physical custody arrangement. *Id.*

In the underlying case, the district court did not calculate the time that each party had physical custody of the children over one calendar year before denying appellant's motion. Additionally, it does not appear that the district court had previously considered the parties' physical custody of the children over one calendar year when appellant had requested that the district court change the parties' physical custody designation based on appellant's increase in time with the children on Wednesdays. Further, the district court actually found that appellant's "timeshare of an alternating weekly schedule of two days the first week and three days the second week *does* meet the 40 percent requirement for joint physical custody." (emphasis added). The court, however, then concluded that respondent had primary physical custody of the children. Thus, we conclude that the district court abused its discretion in denying appellant's motion to modify child custody and support without first holding an evidentiary hearing and properly calculating the parties' timeshare under *Rivero*, 125 Nev. at 427, 216 P.3d at 225. *See Wallace v.*

*Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a district court's child custody decision for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. William B. Gonzalez, District Judge, Family Court Division
       Robert E. Gaston, Settlement Judge
       Fuller Law Practice, PC
       Caruso Law Offices
       Eighth District Court Clerk

---

[1]We have determined that this appeal should be submitted for decision on the fast track statement and response and the appellate record without oral argument. *See* NRAP 3E(g)(1); *see also* NRAP 34(f)(1).